UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

| | |
|---|---|
| NICHOLAS SUPRISE, | Case No. 25-cv-642 |
| Plaintiff, | |
| vs. | |
| ROCKET MORTGAGE, LLC, | |
| Defendant. | |

## COMPLAINT

NOW COMES, Plaintiff Nicholas Suprise, by and through his attorney, Nathan DeLadurantey of DeLadurantey Law Office, LLC, and complains of Defendant Rocket Mortgage, LLC, and alleges to the best of his knowledge, information and belief formed after an inquiry reasonable under the circumstances, the following:

### INTRODUCTION

### Nature of the Action

1. This lawsuit arises from an unauthorized credit pull.

2. Causes of Action herein are brought under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. ("FCRA").

### Jurisdiction and Venue

3. This Court has jurisdiction over the claims arising under the FCRA under 28 U.S.C. § 1331, because this case arises under the laws of the United States.

4. This Court also has jurisdiction under 15 U.S.C. § 1681(p) as it is an action to enforce liability created by the FCRA within two years from the date on which the violation occurred.

5. This Court has supplemental jurisdiction over the claims arising under Wisconsin law under 28 U.S.C. § 1367, because those claims are related to the FCRA claims as they arise under the same set of facts. Thus they are part of the same case or controversy under Article III of the United States Constitution.

6. Venue in this Court is appropriate pursuant to 28 U.S.C. § 1391(b)(1), because this is where the defendants reside. Under 28 U.S.C. § 1391(c), a defendant corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction.

### Parties

7. Plaintiff Nicholas Suprise (hereinafter "Plaintiff") is a natural person who resides in the Menasha, Wisconsin.

8. Defendant Rocket Mortgage, LLC (hereinafter "Defendant") is a foreign business with an office address at 1050 Woodward Ave., Detroit, MI 48226, and a listed registered agent of C T Corporation System, 301 S. Bedford Street, Suite 1, Madison, WI 53703.

9. Defendant is a "debt collector" pursuant to 15 U.S.C. § 1692a(6).

10. Defendant is a "debt collector" pursuant to Wis. Stat. §427.103(3).

### Factual Allegations

11. In the year prior to the filing of this case, Defendant procured a copy of Plaintiff's credit report from Experian, Equifax, and/or TransUnion.

12. When Defendant procured these reports on Plaintiff, they had no written (or verbal) permission from the Plaintiff to do so.

13. In fact, Defendant knew that it expressly did not have permission to access Plaintiff's credit reports.

14. Plaintiff explicitly told Defendant he did not want his credit pulled.

15. Defendant's employees/agents lied to Plaintiff and stated that no credit would be pulled.

16. When Defendant procured these reports on Plaintiff, they did so willfully and intentionally, with the actual and constructive knowledge they had no legal basis for procuring copies of the Plaintiff's credit reports.

## Count 1 – Violations of the Fair Credit Reporting Act

17. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

18. Defendant violated 15 U.S.C. § 1681b(f) by failing to have a permissible purpose as defined by 15 U.S.C. § 1681(b)(a) when they obtained copies of Plaintiff's credit report.

19. As a result of Defendant's impermissible requests of the credit reports, the Plaintiff has suffered emotional distress constituting actual damages pursuant to 15 U.S.C. §§ 1681o(a)(1).

20. Because Defendant's actions of pulling the reports were done intentionally and without any legal basis, the action was willful, entitling Plaintiff to statutory and punitive damages pursuant to 15 U.S.C. § 1681n(a).

21. Plaintiff is also entitled to attorney's fees and costs pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2).

## Count 2 – Invasion of Privacy

22. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23. Plaintiff has a right of privacy in Wisconsin as recognized in Wis. Stat. § 995.50.

24. Defendant invaded the private credit records of Plaintiff by obtaining a copy of his credit report.

25. Defendant's conduct unreasonably invaded Plaintiff's right to privacy and caused him damages including emotional distress.

26. Plaintiff is entitled to equitable relief to prevent and restrain further invasion, compensatory damages, and a reasonable amount of attorney's fees pursuant to Wis. Stat. § 995.50.

## Trial by Jury

27. Plaintiff is entitled to, and hereby respectfully demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court will enter an Order:

A. For an award of actual damages pursuant to 15 U.S.C. §§ 1681n(a)(1)(A) and 1682o(a)(1); against Defendant;

B. Statutory and punitive damages against Defendant pursuant to 15 U.S.C. § 1681n(a);

C. Costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2) against Defendant; and

D. For such other and further relief as may be just and proper.

Dated this 2nd day of May 2025.

DeLadurantey Law Office, LLC

*Electronically signed by Nathan E. DeLadurantey*
Nathan E. DeLadurantey
WI Bar No. 1063937
136 E. Saint Paul Ave.
Waukesha, WI 53188
(414) 377-0515
Nathan@dela-law.com
*Attorney for the Plaintiff*